1 | 3AI PROPERTIES LLC
2 | 8900 Independence Parkway
   | Apt 7201
3 | Plano, TX 75025
   | 3airealestate@gmail.com
4 | (214) 417-3347

5 | Plaintiff in Pro Se

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 JUL 30  PM 3:15

DEPUTY CLERK_____

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

3AI PROPERTIES LLC,

      Plaintiff

v.

DAUN ABBETT (an individual),
BLOSSOM EXCHANGE,
JAMES CANTANDO (an individual)
ROBERT MCDONALD (an individual),
DEREK MCDONALD (an individual),
KRISTIN MARTIN (an individual),
RAM CONSTRUCTION,
GREG LLOYD (an individual),
REAL ESTATE CENTER,
PAULA GROHS (an individual),
LOWELL RICHARDS (an individual and an official)
COUNTY OF CONTRA COSTA
SUPERIOR COURT OF CALIFORNIA
  CONTRA COSTA COUNTY,
JUDGE JILL FANNIN (an individual and an official)

And DOES 1-100, inclusive.

      Defendants

Kristina Karkanen

Real Party of Interest

# 318 - CV 1966 - B
CASE no._____

**COMPLAINT FOR ECONOMIC AND COMPENSATORY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

JURY TRIAL DEMANDED

1. Racketeering (RICO) 18 U.S.C. §§ 1962-1966
2. Honest Services Fraud 18 U.S.C. § 1346
3. Violations of Civil Rights Title 42 U.S.C. Section 1983-1985
4. Conspiracy to Injure Rights of Party in State Court, 42 U.S.C. § 1985
5. Negligence per se: Failure to Carry Out Mandatory Statutory Duties
6. Negligence per se: Failure to Carry Out Fiduciary Duties
7. Violations of the ADA/ADAAA
8. Violations of the Rehabilitation Act of 1973
9. Defamation, 28 U.S. Code § 4101
10. Intentional infliction of emotional distress
11. Negligent infliction of emotional distress
12. Violations of the First Amendment

1

Comes now Plaintiff, 3AI PROPERTIES LLC, in pro se, for its Complaint against Defendants. 3AI hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff 3AI Properties LLC ("3AI"), which is registered and operating within the State of Texas, was solicited across state lines for the purchase of a residential real estate property in Shasta Lake City, California by real estate agent Daun Abbett ("ABBETT") of Real Estate Center (CA BRE# 01955294).

2. Abbett solicited 3AI's business via the Contra Costa Superior Court . Abbett wanted to sell 3AI real estate property in the State of California, and sent 3AI prospective properties.

3. Abbett sold 3AI a residential property in March 2018 located at 17618 Yellow Pine Avenue in Shasta Lake City, California, representing both the seller and 3AI. The seller of the home, Greg Dulik ("DULIK"), was an older man who lived alone. Abbett made a sales commission from transactions with both the seller, Dulik, and 3AI, of approximately $20,000.

4. Plaintiff was guaranteed by Abbett that this property could be "flipped" after repairs made that were estimated at $30,000 by Abbett. Specific vendors, family of Abbett, were brought to the job site at Abbett's insistence and coercing after Abbett stated no local vendors "in market" were available. These vendors forced upon and coerced by Abbett were among Abbett's family, including James Cantando ("CANTANDO") and Robert McDonald ("MCDONALD") and RAM Construction ("RAM"), Derek McDonald ("DEREK MCDONALD") and Kristen Martin ("MARTIN").

2

5. The property was used by Defendants for purposes other than as a construction site and an unsafe, hazardous environment was created for at least several weeks on end, created a huge liability and the job site was littered with alcohol containers, hundreds of cigarette butts, and refuse strewn about. Defendants and their other family brought guns to the property to hunt game, and threatened Plaintiff.

6. Irreconcilable, fraudulent bills were submitted to 3AI by McDonald and Cantando. McDonald's bills also represented the work of Martin and Derek McDonald. Martin was asked not to return after causing interior damage, but McDonald insisted upon her return the following week.

7. Cantando asked to be paid in cash continuously and without any invoices and billing statements and 3AI refused, which angered Cantando greatly and caused him to lash out at Plaintiff, causing harm and injury to Plaintiff.

8. After McDonald was asked not to return to the job site, Abbett, Cantando and McDonald immediately began to call, text and email 3AI, demanding payment for the fraudulent bills, or they would sue and lien the property, which they did immediately.

9. McDonald, who is a contractor licensed in the State of California (CA State Lic #635333), and Cantando, a retired union laborer, did not make the renovations and repairs to the property that were requested and that they had agreed to make. Of the alterations made to the property, poor workmanship and lack of compliance was cited by Code Enforcement and other third parties who inspected the residential property.

10. Abbett, McDonald, and Cantando had spent close to $50,000 of 3AI funds and were planning to bill an additional $40,000-$50,000.

11. Over $30,000 was paid to a new contractor to redo the repairs and renovations and finish the job.

12. California Contractor's State Licensing Board opened an investigation on McDonald that is ongoing.

13. 3AI came to the property to inspect the construction work being done. Abbett, Cantando, McDonald harassed, annoyed, threatened and stalked 3AI representatives at the job-site, and also after leaving the job-site, Abbett, Cantando and McDonald continued to engage in behaviors that were harassing, inappropriate and threatening, and terrifying, in violation of ADA and its supporting authorities.

14. Abbett and Cantando bragged to 3AI that they own and conceal-carry firearms and which was scary and threatening, inflicting emotional distress and harm.

15. Cantando brought his friends onto the property to hunt, and two men with hats in camouflage carrying large guns walking through the trees, who Cantando referred to as "my [his] buddies."

16. 3AI contacted Abbett's broker, Greg Lloyd, owner of Real Estate Center, who unable to respond to or resolve 3AI's complaints. 3AI terminated business relations with Abbett, Cantando, and McDonald EARLY May, and spoke to several regulatory agencies to resolve the issues with the transaction.

17. Once 3AI informed Cantando, Abbett et al. not to return to the job site, Cantando and Abbett intensified their harassment and defamation of 3AI those that 3AI knows, via third parties and by Cantando calling from blocked telephone lines and threatening with litigation and other harassment.

18. McDonald filed a defective mechanics lien against 3AI, as Abbett, Cantando and McDonald promised he would. McDonald outright refused to mediate with the Contractor's State Licensing Board and 3AI, and simply demanded payment for the sub standard and incomplete work.

19. Cantando also filed a defective mechanics lien and claim for $8500 owed to Cantando for work performed at the property. Cantando had also committed theft at the property, and charged items to 3AI's credit card account that were not authorized.

20. Cantando refused to provide an accounting of the activities he billed for. Initially, Cantando and Abbett had said, prior to close of escrow, that Cantando wouldn't charge for his work. After 3AI bought the property, Cantando had a change of heart and instituted an hourly rate of $25/hour. Abbett started saying Cantando need to be charging more

21. Abbett was furious after 3AI made complaints to regulatory agencies in May, and began to defame 3AI to numerous third parties, referring to 3AI as "mentally unbalanced", "crazy", and regarding 3AI as disabled individuals.

22. Abbett telephoned parties who know 3AI soliciting parties to sue 3AI, fabricating claims and false information to further Abbett's own financial interests and those of her family.

23. Abbett telephoned many, many other people who know 3AI, and also contacted many third parties via email and social media in order to harass, slander, defame, as well as to solicit for Abbett's lawsuits and restraining orders, serving Abbett's own financial interests. 3AI was harassed and annoyed by Abbett's actions to the point of experiencing loss of productivity and profitability.

24. As a result of Abbett's actions, more harm was caused against 3AI by various third parties.

25. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' blatant acts of fraud

1    upon 3AI, interstate commerce between Texas and California, whereby Plaintiff was

2    deprived of honest goods and services.

3    26. Plaintiff seeks an injunction against Defendants to request a stay of the malicious

4    prosecution that Defendants have waged against 3AI and those 3AI knows, within the

5    State of Texas and also within the State of California.

6

7                                    **JURISDICTION AND VENUE**

8    27. This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C. §§

9    12133 and 12188 for Plaintiff's claims arising under federal law.

10   28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff's

11   principal place of business, business entity and operations are located within this

12   jurisdiction in the State of Texas, Collin County at the time this action is commenced,

13   and the acts and omissions giving rise to this Complaint occurred during the time that

14   Plaintiff was established and conducting business within this jurisdiction.

15

16   29. Diversity jurisdiction is established, as Defendants reside in the State of California, in

17   Contra Costa and Shasta Counties. Plaintiff operates out of Collin County, in the State

18   of Texas, where it has been formed for years.

19

20

21                                          **PARTIES**

22   30. Plaintiff 3AI Properties LLC bring this action as a business operating in the state of

23   Texas. Harm occurred to 3AI while it was located in the State of Texas, where it is

24   principally located and has operated for years.

25   31. Kristie Karkanen is a real party of interest.

26   32. Defendant DAUN ABBETT is a licensed real estate agent in the state of California

27   who works for Real Estate Center. She is sued in her professional and individual

28

capacities. She works at 2777 Bechelli Lane in Redding, California 96002 in Shasta

County, California. She also maintains residency at 304 Drayton Court, Walnut Creek

CA 94598.

33. Defendant BLOSSOM EXCHANGE is a company operated by Abbett, that provides

for legal help and litigant support, and receives money for other types of transactions,

all of which are not fully known or understood by Plaintiff. This business is owned and

operated in the State of California, and is located at 20766 Cattle Drive in Redding, CA

96002 in Shasta County, California.

34. Defendant JAMES CANTANDO is an unlicensed contractor who is Abbett's current

boyfriend and live-in partner. He resides with Abbett at 20766 Cattle Drive in Redding,

CA 96002 in Shasta County, California. Cantando helps Abbett conduct her real estate

business, and brokers deals on her behalf as 3AI discovered during its transaction with

Abbett. Cantando also maintains residency at 758 Harvard Drive, Pleasant Hill, CA

94523-1533, and he frequents the Contra Costa Superior Court and its proceedings

with Abbett, often serving as an "ADA advocate" and for his other purposes.

35. Defendant SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

including its respective departments, agencies, and other instrumentalities, is a unit of

local government in the State of California, is a "public entity" within the meaning of

42 U.S.C. § 12131(1) and is a recipient of federal funding. and is subject to the ADA

and its implementing regulations. Defendant is a public accommodation under federal

and state antidiscrimination laws and is subject to the requirements thereof.  Its

CONTRA COSTA COUNTY COURT is located at 725 Court Street, Martinez CA

94553.

36. Defendant COUNTY OF CONTRA COSTA, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of California, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is the recipient of federal funding. It is located at 651 Pine Street, Martinez, CA 94553.

37. Defendant Commissioner LOWELL RICHARDS was presiding over the matters of Abbett, McDonald, Cantando and Grohs directly related to this matter in Superior Court of Contra Costa at the time of the events complained of herein. He is located at 725 Court Street, Martinez, CA 94553. He is being sued in his official and individual capacities. He was both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1). He is sued in his official and personal capacities. Judges or those with judicial authority who abused their power to make for their own benefit the doctrine of absolute judicial immunity. Not only does it lack any basis in the Constitution, but is also contrary to its Article 2, Section 4, which sets forth the principle that all public servants are accountable. Violations of Section 504 of the Rehabilitation Act of 1973 abrogates any immunity. Richards is a recipient of federal funding assistance.

38. Defendant JUDGE JILL FANNIN is the Presiding Judge in Superior Court of Contra Costa at the time of the events complained of herein. She is located at 725 Court Street, Martinez, CA 94553. She is being sued in her official and individual capacities. She was both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1). She is sued in her official and personal capacities. Judges or those with judicial authority who abused their power to make for their own benefit the doctrine of absolute judicial immunity. Not only does it

8

1   lack any basis in the Constitution, but is also contrary to its Article 2, Section 4, which

2   sets forth the principle that all public servants are accountable. Violations of Section

3   504 of the Rehabilitation Act of 1973 abrogates any immunity. Fannin is a recipient of

4   federal funding assistance.

5   39. Defendant PAULA S. GROHS, ESQ., is an independent attorney, member of the State

6       Bar of California and the local Bar Association, Contra Costa County Bar Association.

7       She was both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and

8       "private entity" within the meaning of 42 U.S.C. § 12181(1) and a recipient of federal

9       financial assistance. She is located at 3100 Oak Road Suite 100, Walnut Creek,

10      California 94597. She is being sued in her official and individual capacities. She is

11      someone whom Abbett solicited in order to harass, harm and injure 3AI.

12  40. Defendant ROBERT "BOB" MCDONALD is a California licensed contractor and

13      owner of RAM CONSTRUCTION. Bob is Abbett's first ex-husband. He resides at 736

14      Andrea Way Pittsburg, CA 94565.

15  41. Defendant RAM CONSTRUCTION is a general construction company. It is owned by

16      Robert "Bob" McDonald and operates within Contra Costa County and the State of

17      California. It is located at 736 Andrea Way Pittsburg, CA 94565.

18  42. Defendant GREG LLOYD is a licensed real estate broker in the state of California and

19      owner and principal operator of Real Estate Center, and direct supervisor of Daun

20      Abbett. He is sued in his professional and individual capacities. He works at 2777

21      Bechelli Lane in Redding, California 96002 in Shasta County, California.

22  43. Defendant REAL ESTATE CENTER is a real estate business owned and operated by

23      Greg Lloyd, CA BRE #01059245. It is bound by federal law, including ADA/ADAA.

It is located at 2777 Bechelli Lane in Redding, California 96002 in Shasta County, California.

44. Defendant DEREK MCDONALD is Daun Abbett and Robert McDonald's grown son who works for the Carpenter's Union and resides with his father in Contra Costa County at 736 Andrea Way Pittsburg, CA 94565.

45. Defendant KRISTIN MARTIN is Robert McDonald's girlfriend who works for RAM CONSTRUCTION. She also does odd jobs for a living and resides at 736 Andrea Way Pittsburg, CA 94565.

## STATEMENT OF FACTS

46. At all times herein, 3AI Properties LLC is a business entity that is located in the state of Texas.

47. 3AI closed escrow on 17618 Yellow Pine Avenue in Shasta Lake City on March 13, 2018, transaction solicited by and also conducted by Abbett. Abbett had advertised it to 3AI as a "flip" property that only needed "$30,000 in repairs" and Abbett kept promising that 3AI could net $100,000-$130,000 profit on it.

48. In just several weeks, McDonald, who came to the Yellow Pine property, partied with alcohol and/or drugs, with his son and girlfriend, did a little bit of unpermitted and defective work which had to be redone by another licensed contractor at the bequest of local Code Enforcement. McDonald billed approximately $20,000 in total, failed to provide a written contract, and harassed and coerced 3AI repeatedly to pay the first invoice of around $8,900. McDonald's work cost 3AI in excess of $40,000 to rectify.

49. McDonald and Abbett and Cantando threatened 3AI with litigation if 3AI did not meet their demands, and Defendants thus began a series of harassment, threats, stalking and then malicious prosecution filed by all against 3AI by McDonald, Abbett and Cantando.

50. Because Defendants Judge Jill Fannin, and Lowell Richards regarded 3AI real party of interest "KRISTINE[sic] KARKANEN" as having of "mental illness", and at the time that 3AI was comprised of individual(s) with qualified disabilities, the court was biased against her and 3AI, Defendants Fannin and Richards did not offer accommodations or reasonable modifications, and insisted that they are unable to provide them. As a result, the harassment of Defendants towards 3AI continued to cause harm, equal access to court proceedings denied.

51. Lowell Richards intimidated and harassed "KRISTINE KARKANEN", refused to examine what the real party of interest showed him during proceedings, and showed active contempt and disgust for her in his courtroom. Richards as such is an accessory to these acts of federal fraud, who has aided Cantando, Abbett, McDonald and Grohs.

52. Defendants Judge Jill Fannin and Lowell Richards failed to refer 3AI's real party of interest to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the Abbett, Cantando, McDonald's and Grohs' proceedings, and also failed to offer accommodations to the Plaintiff at any time such as aids, pro bono counsel, or appropriate supports or reasonable modifications to provide for access to proceedings related to the 3AI / Abbett transaction. As a result, Plaintiffs could not fully and equally participate in court proceedings. Richards berated her and insisted she is a resident of the County of Contra Costa, and this is patently false since Karkanen  has rented in Alameda County since 2017 until present.

53. Abbett, Cantando, Grohs and McDonald maliciously prosecuted 3AI and real party of interest using false claims, perjury, lies, and fictitious events to taunt and harm her, and Lowell Richards and Judge Fannin were accessories to these acts of harm.

54. The Defendants' actions and inactions caused injury to Plaintiffs which grossly manifested into physiological symptoms including nausea, severe bodily pain and anxiety, confusion, fatigue, depression and nerve pain. Because of the complex nature of fibromyalgia and the nerves that are affected, at the time of the court matter Ms. Karkanen had physical pain. Ms. Karkanen was visibly ill and under duress; was unable to cope and communicate effectively in court; and unable to fully understand the proceedings.

55. Defendants Lloyd, Real Estate Center, Abbett, Cantando, Martin, Derek McDonald and McDonald, Blossom Exchange, Paula Grohs, Superior Court and Contra Costa County have failed to mitigate the ongoing harm complained of herein.

## **CAUSE OF ACTION:**

## **FIRST CLAIM FOR RELIEF – RICO ACT VIOLATIONS PURSUANT TO 18 U.S.C. § 1962**

56. Plaintiff's reports to the authorities and regulatory agencies and Abbett's broker Lloyd who had a duty to receive for these complaints and act upon the federal crimes occurring on his watch, have been repeatedly blocked through Defendants who initiated sham legal processes and record-setting violations of substantive and procedural due process by engaging people involved in the judicial process to short-stop the Plaintiffs' complaints and investigations with State of California licensing bureaus.

12

57. For example, Defendants' filing of civil orders of restraint against agents of 3AI have sought to chill free, constitutionally protected speech, that Defendants have sought to end. Defendants seek to circumvent or eliminate any further investigations, reports or conversations with regulatory agencies regarding Defendants' unlawful and immoral actions. These are clear violations of Plaintiff's right to free speech.

58. The Defendants named in this action engaged in the latest misuse of legal process to block the reporting of these corrupt, criminal and subversive activities. As a result of the underlying corrupt, criminal, and subversive activities, the documented efforts to block Plaintiffs' activities, including the latest misuse of legal process by the Defendants, great harm has been inflicted upon commerce such as the buying and selling of real estate that occurs across state lines.

59. **Seeking To Have Local Judgments In California Established Against Plaintiff**

The defendants and conspirators have sought to under local judgments in the California court system against 3AI using false testimony and malicious prosecution after Defendants knowingly and willingly defrauded 3AI Properties across state lines. The long history of legal efforts to obstruct justice in their own cases, provided the Defendants assurance that they would succeed in the California courts. The California courts were where the initial sham legal process was initiated to silence Plaintiff. During this process, several California judges acted without personal and subject matter jurisdiction, violated California statutes and rules of court, violated federal statutes, landmark U.S. Supreme Court decisions, and constitutional protections, harming Plaintiff. Defendants could assume that these record-setting violations of state and federal laws would continue when they sought to enter state court judgments

that were unlawful. Defendants again acted under color of state law, this time in California, knowing that the state court judgments met the definition of a void judgment based upon fraud and absence of personal jurisdiction.

**Conduct Met Criteria For Conspiracy**

60. Reasonable people, including a jury, could conclude that the defendants acted in a conspiracy, and that the sole purpose of the conspiracy was to halt Plaintiffs attempts to make known the information of criminal activities and to block Plaintiffs attempts to petition government relating to these crimes.

61. The facts indicate that all defendants acted in a conspiracy among themselves, and with persons unknown who are directly or indirectly threatened by Plaintiffs' exposure activities. They engaged in multiple predicate acts as part of a conspiracy, inflicting great harm upon Plaintiff and inflicting harm upon interstate and international commerce.

**Combining Civil Rights and Due Process Violations With Obstruction Of Justice**

62. The actions by the defendants and the conspiracy combined civil and constitutional violations, and fraud, with criminal activities. The criminal activities included obstruction of justice, misprision of felonies, and inflicted great harm upon a former federal agent and witness to halt his exposure of these crimes against the United States. Their conduct violated numerous criminal statutes

**Violating Plaintiff's Civil and Constitutional Rights Under Color Of State Law**

63. The defendants violated Plaintiff's civil and constitutional rights under color of state law, in Texas and California, while acting in a conspiracy that involved criminal activities against the United States.

**Predicate acts affecting interstate and foreign commerce and real estate fraud**

64. Each of the defendants knew that their actions impeded Plaintiffs' public-spirited attempts to expose and halt the corrupt and criminal activities that he and other former and present government agents had discovered. They knew that their actions would block, directly and indirectly, Plaintiffs reporting of corrupt and criminal processes and acts.

65. Defendants violated Plaintiff's constitutional rights under the Petition Clause to petition government on matters relating to the corrupt, criminal, and treasonous conduct that Plaintiff and others discovered. Defendants sought to block Plaintiff's exposure of crimes against the Plaintiff through violations of federally protected rights: Defendants' conduct:

• Blocked the reporting of these criminal activities through what is known as a greatly enlarged version of a SLAPP lawsuit, and Abbett, Cantando, Grohs and McDonald initiated these and:

• Violated Plaintiff's right to the First Amendment petition clause by attacking its exercise of this right through a sham and thinly disguised series of restraining order lawsuits filed in a distant location knowing that Plaintiff would be unable to fund a defense.

• Violated federal criminal statutes relating to blocking or inflicting harm upon vital witnesses.

• Violated federal criminal statutes by acting to block Plaintiffs reporting of criminal activities. Citizens, including murders, terrorists, and other felons; and (b) through documented violations of large numbers of relevant substantive protections "guaranteed" by the laws and Constitution of the United States; and (c) denial of every relevant procedural due process right, protection and defense. In this way, the

defendants felt confident that their civil and constitutional violations, and felony

obstruction of justice and felony retaliation against a former federal agent and witness

would be protected in the c

• Violated federal criminal statutes by not reporting to government officials the

criminal activities they discovered from Plaintiff's writings.

**Guaranteed Protection Against Consequences of Their Unlawful Corrupt**

**Activities**

66. Defendants knew that Plaintiff's legal rights, protections, and defenses have been

violated by the California judicial system and that these due process violations were

expanded by state court judges, including Fannin and Richards.


## CAUSE OF ACTION:

### SECOND CLAIM FOR RELIEF – 
### VIOLATION OF CIVIL RIGHTS: TITLE 42 U.S.C. SECTION 1983-1985

67. Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in

this Count. All defendants directly and indirectly violated, and aided and abetted the

violations, of plaintiff's civil and constitutional rights under color of state

law occurring in the states of Texas and California. By these acts they violated Title 42

U.S.C. Sections 1983-1985.

### COUNT ONE

68. Conspiracy To Interfere With Civil Rights, Title 42 U.S.C. Section 1985, Plaintiff

repeats and realleges all preceding paragraphs by reference, as if stated fully in this

Count..All defendants violated Title 42 U.S.C. Section 1985, by entering into a

conspiracy to violate plaintiff's civil rights.

## COUNT TWO
(Civil RICO Violations, Title 18 USC 1961-1965)

69. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. Each Defendant engaged in a pattern of predicate acts and racketeering activities affecting interstate and foreign commerce, as defined in the RICO statutes, Title 18 U.S.C. 1961(1)(5), and Each Defendant named in this action is a person within the meaning of Title 18 U.S.C.1961(3).

70. Each Defendant, by their words and their actions, showed that they had agreed to participate, directly and indirectly, in the affairs of the enterprise through the perpetration of multiple predicate acts.

## COUNT THREE
(Intentional Violation and Deprivation of Common Law Torts)

71. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants intentionally perpetrated torts and other wrongful acts against Plaintiff, and aided and abetted such wrongful acts, knowingly inflicting great harm upon plaintiff.

## COUNT FOUR
(Violation of Constitutional Rights and Protections)

72. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants, directly and indirectly, violated Plaintiff's rights and protections under the First and Fifth Amendments to the U.S. Constitution, including the right to petition government,to free speech, to report criminal and treasonous acts in government offices, and the protections against being deprived of liberty and property without and in violation of due process.

## COUNT FIVE
(Fraud Against Plaintiffs)

17

73. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants engaged in a pattern of fraud against plaintiffs, and entered a conspiracy to do so, which inflicted great and irreparable harm upon them. The fraud was perpetrated through sham lawsuits and proceedings in Contra Costa Superior Court and Shasta County Superior Court stating as facts what they knew to be false, and then seeking to have it enforced in other states.

### COUNT SIX
(Interfering With Plaintiff's Right to Petition the Government)

74. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. Defendants violated Plaintiff's first amendment right to petition government, as Plaintiff sought to report the criminal activities to government officials and agencies

### COUNT SEVEN
(Fraudulent and Intentional Interference with Prospective Economic Advantage)

75. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants directly and indirectly interfered with Plaintiff's prospective economic advantage.

### COUNT EIGHT
(Intentional Infliction of Emotional Distress)

76. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Count. All defendants engaged in a pattern of fraud against plaintiffs, and entered a conspiracy to do so, which inflicted great and irreparable harm upon them. The fraud was perpetrated through sham lawsuits filed in Contra Costa Superior Court and Shasta County Superior Court stating as facts what they knew to be false, and then seeking to have it enforced in other states such as Texas.

COUNT NINE
(Violation of Constitutional Due Process)

77. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in

this Count.

78. All defendants knowingly and repeatedly violated Plaintiff's right to procedural and

substantive due process.

COUNT TEN
(Malicious Prosecution)

79. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in

this Count.

80. Defendants engaged, directly and indirectly, in malicious prosecution, by filing a

lawsuit for improper and ulterior purposes. The purpose halt Plaintiff's exposure of

corrupt and criminal activities, halt 3AI's constitutionally protected free speech and

communications with the public and public agencies who Plaintiff sought to force them

to perform the duty of addressing and halting the corrupt and criminal acts.

**CAUSE OF ACTION:**

**THIRD CLAIM FOR RELIEF – HONEST SERVICES FRAUD COMMITTED BY
ABBETT, LLOYD, CANTANDO, MCDONALD, MARTIN, LLOYD, REAL ESTATE
CENTER**

**HONEST SERVICES FRAUD PURSUANT TO 18 U.S.C. § 1346**

81. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in

this Claim.

82. Abbett, a licensed real estate agent, had a fiduciary duty to her client 3AI Properties

which she clearly violated by placing the financial well-being of her family members in

front of her client.

19

83. Abbett didn't just refer, she coerced vendors to do the work that consisted of her family. Abbett encouraged her family to file unlawful liens for monies not lawfully gained; Abbett violated her fiduciary duty to her client.

84. The services and labor rates initially agreed upon by 3AI did not match what 3AI was invoiced. This was deceptive, bait and switch business practice that deprived Nair honest services that he is entitled to.

85. Cantando stated that other vendors to the job site would charge $800 for the gardening, and $12,000 for the roof. Cantando then presented invoices from those vendors that were significantly higher (when he presented formal invoices whatsoever). Cantando had misrepresented services and deprived Plaintiff of honest services.

86. Cantando was aware of McDonald's labor law violations and the unsafe working conditions created by McDonald, Derek McDonald, and Martin at the job site, and participated in causing poor workmanship and using 3AI's property as a site for recreational alcohol and/or drugs rather than solely for construction activities. Cantando believed that there was an enormous profit margin to be made because Abbett openly discussed this with Cantando and McDonald, in violation of her responsibility and duty to her client.

87. Cantando made unauthorized purchases using credit cards that incurred monetary loss, to Plaintiff. Cantando then sought to be paid for the time that he spent making false and unauthorized purchases.

88. Unmitigated harm is a continuing cause of action; here, said applies.


## CAUSE OF ACTION:

## FOURTH CLAIM FOR RELIEF – CONSPIRACY TO INJURE RIGHTS OF PARTY IN STATE COURT, 42 U.S.C. § 1985

89. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Claim.

90. Abbett, Cantando, and McDonald, who solicited Grohs, filed false claims in the Superior Court of California, Contra Costa County, that further injured 3AI and violated their constitutional protections. Further, Abbett has solicited solicited individuals in gathering together with Abbett, Cantando, McDonald and Grohs to file false claims about 3AI, chilling consumer-protected free speech.

91. Abbett, Cantando, McDonald and Grohs, self-admittedly, want to "gag" 3AI from not only seeking redress in resolving 3AI's current claims, but by utilizing the Superior Court of Contra Costa, and agents Lowell Richards and Judge Jill Fannin, they are seeking to hide a federal crime and federal fraud in commerce occurring across state lines.

92. Just like the Defendants Superior Court, Richards and Fannin, Defendants Abbett, Cantando, Grohs and McDonald also have a pattern and practice of using mental health accusations and discriminatory policies, namely attacking one's mental health, to mute the redress of Plaintiff, who were subjected to heinous billing fraud and extortion.

93. Plaintiff then harassed, labelled as "crazy" "trainwreck" and mental health attacked by Defendants Abbett, Richards, Cantando, et al. in violation of ADA/ADAAA.

94. Cantando threatened Nair repeatedly that he would see to it that Nair and/or 3AI were jailed if they attempted to expose the crimes that Cantando et al. had committed. Cantando extorted Plaintiff.

95. Cantando offered to 3AI to broker deal regarding the 17618 Yellow Pine property to take it off 3AI's hands in early June. Cantando offered to broker this deal for "a friend"

of Cantando's, and Cantando demanded a full accounting of the monies spent on the property, offering to make 3AI a "silent investor".

96. Defendants Superior Court, Richards and Fannin have, once again, discriminated intentionally against Plaintiffs by refusing appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Plaintiffs to participate in Defendants' programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

97. As a result of Defendants' actions and inactions, 3AI are persons aggrieved who have been injured and suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other no pecuniary losses.

## **CAUSE OF ACTION:**

## **FIFTH CLAIM FOR RELIEF – NEGLIGENCE PER SE: FAILURE TO CARRY OUT MANDATORY STATUTORY AND FIDUCIARY DUTIES**

98. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Claim.

99. Abbett misled, deceived and lied to 3AI about the transaction. Abbett failed to perform due diligence regarding the property. Abbett was negligent and incompetent in performed the profession for which she is licensed.

100. Lloyd failed to supervise Abbett throughout the transaction with 3AI, causing harm to Plaintiff that Lloyd was unwilling to correct.

101. Lloyd and Abbett were thoroughly dishonest with 3AI, sought to chill 3AI's free speech and constitutionally protected rights, and to cover up the deception and fraud evident within the transaction.

102. Abbett, Cantando, McDonald, Grohs and Lloyd committed civil fraud judgment based upon licensed acts, and committed these acts upon 3AI.

103. Abbett falsely advertised the property and committed violations of real estate law and regulations.

104. Abbett violated her professional responsibility and real estate law in the transaction with 3AI and violated regulations, standards, and rules of conduct codified in the California Real Estate Law and the Regulations of the Real Estate Commissioner.

## CAUSE OF ACTION:

## SEVENTH CLAIM FOR RELIEF – VIOLATIONS OF THE ADA/ADAAA

105. Plaintiff repeats and realleges all preceding paragraphs by reference, as if stated fully in this Claim.

106. Defendants violated the ADA/ADAA. 29 U.S.C. 1974 prohibits retaliation against disabled. Threats to disclose, or disclosure of, disabled litigants' confidential information is a form of discrimination and violates the Constitutional right to privacy. The Constitution also provides that no state shall deny to any person within its jurisdiction the equal protection of the laws and provides for Due Process of law. Disabled litigants' right to confidentiality is inherent in the entire ADAAA statutory scheme as well as protected under several federal and state laws, including the Health Insurance Portability and Accountability Act ("HIPAA"). The ADAAA applies in conjunction with other federal and states laws, provides protection at a level greater or equal to that provided by other federal and state laws, and prevails over any conflicting State laws. ADA Title II Technical Assistance Manual, II-1.4200.

107. Threats to disclose, or disclosure of, disabled litigants' confidential information is also a type of retaliatory and coercive conduct which is illegal under the ADAAA's anti-retaliation, anti-coercion, and anti-intimidation provisions. 42 U.S.C. § 12203. See also 28 C.F.R. § 35.134; ADA Title II Technical Assistance Manual, II-3.11000.

108. Employees of state are obligated by their employment policies not to discriminate.

109. Defendants including the State of California violated the California Constitution, Article I, 8 (1879) when plaintiff entered court, namely by violating the statute prohibiting Sex Discrimination; State of California Constitution enacted statute on Sex Discrimination so that– "A person may not be disqualified from entering or pursuing a business, profession, vocation or employment because of sex, race creed, color or national or ethnic origin.

110. State of California has adopted the EEOC, federal ADA amendment for persons considered disabled under the law. According to the ADA Amendments Act, the term "disability" means, with respect to an individual, one who: has a physical or mental impairment that *substantially limits* one or more *major life activities* of such an individual with a record of such an impairment or an individual; regarded as having such an impairment. The ADA prohibits discrimination based on an actual, history of, or perceived disability, including disparate treatment or harassment. Under the ADA as amended effective January 1, 2009, applicants and employees are protected if an employer treats them differently or harasses them based on an actual or perceived impairment that is not transitory and minor. Such individuals need not have an impairment that substantially limits a major life activity, or that is perceived to do so, in order to be protected from disparate treatment or harassment under the ADA. Under the laws enforced by EEOC, it is illegal to discriminate against someone (applicant or

24

employee) because of that person's race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to retaliate against a person because he or she complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. For example, if two employees commit a similar offense, an employer many not discipline them differently because of their race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information.

111. Plaintiff complained of the unfair business practices, harassment, discrimination, cruel and unusual treatment, fraud and due process violations of Defendants.

112. The State/court ignored facts and violations of law.

113. Defendants including Greg Lloyd and Real Estate Center discriminated against Plaintiff.

114. Defendants violated EEOC policies and practices. Congress, and by the courts forcing an Amendment in 2008 to the ADA/ADAAA specifically did not release jurisdiction of enforcement of the civil rights of the ADA/ADAAA to the courts, but instead placed jurisdiction in Title I first in the EEOC, and for ADA Title II and III. The state of California and the Court follows EEOC.

124. The State of Texas, Attorney General Ken Paxton has the authority to file any civil action which he or she deems necessary for the enforcement of the laws of Texas, the preservation of order, and /or the protection of the rights and interest of the public. In addition, the Attorney General may file any civil action which directly involves the rights and interests of the State. Since the Attorney General is the chief law officer of

25

the state, "he possesses not only extensive statutory powers but also broad powers

derived from the common law relative to the protection of the public interest."

132. The State of California, et al, must follow the Constitutional Provisions of the Civil

Rights act of 1964, The **Civil Rights Act of 1964** (Pub.L. 88–352, 78 Stat. 241,

enacted July 2, **1964**) is a landmark **civil rights** and US labor law in the United States

that outlaws **discrimination** based on **race**, color, religion, **sex**, or national origin.

133. Defendants violated discrimination laws.

## JURY TRIAL DEMANDED

133. Plaintiff demands a jury trial for all of the issues, and for all of the requested relief

that a jury may award.

## PRAYER FOR RELIEF

I. Wherefore, Plaintiffs respectfully prays that this Court enter Judgment granting
Plaintiffs:

I. A declaratory judgment that Defendants have violated Plaintiff's rights as guaranteed by

18 U.S.C. § 1346, Racketeering (RICO), 18 U.S.C. § 1962, U.S.C. § 1985,  28 U.S.

Code § 410, and Americans with Disabilities Act;

II. An Order from this Court which grants Temporary, Preliminary and Permanent Injunction

prohibiting Defendants from committing any further fraud against Plaintiffs, including

a stay of any additional litigation filed by Defendants against Plaintiffs that violates

their constitutional rights to due process, honest services and free speech;

III. An order of this Court retaining jurisdiction over this matter until all Defendants have

complied with all orders and mandates of this Court;

IV. An Order from this Court appointing legal counsel.

26

V.  Declare that Defendants have violated 18 U.S.C. § 1346, Racketeering (RICO), 18
    U.S.C. § 1962, U.S.C. § 1985,  28 U.S. Code § 410, and Americans with Disabilities
    Act;

VI. Enjoin Defendants, their officers, agents and employees, and all other persons in active
    concert or participation with Defendants, as well as any successors or assigns, from
    engaging in discriminatory policies and practices against individuals based on their
    disabilities, and specifically from failing or refusing to take appropriate steps to ensure
    compliance with the requirements of 18 U.S.C. § 1346, Racketeering (RICO), 18
    U.S.C. § 1962, U.S.C. § 1985,  28 U.S. Code § 410, and Americans with Disabilities
    Act; Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations,
    28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its
    implementing regulations, 28 C.F.R. Part 36, and Section 504 of the Rehabilitation Act,
    29 U.S.C. § 794;

VII. Order Defendants to modify their policies, practices, and procedures as necessary to bring
    them into compliance with Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its
    implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. §
    12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of
    the Rehabilitation Act, 29 U.S.C. § 794;

VIII. Assess a civil penalty against defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to
    vindicate the public interest;

IX. To reimburse 3AI for the expenses incurred due to the unlawful acts of Defendants.

X. To award compensatory and punitive damages to Plaintiffs; $5,000,000 per plaintiff from
    each title entity in their official and individual capacity, and treble damages pursuant to
    RICO;

1    XI. To award Plaintiffs' attorney's fees and costs;

2    XII. Injunctive relief – That all actions in this matter that are filed or pending in the State of

3    California be immediately stayed.

4
5    XIII. Declaratory relief – All court orders actions and orders against 3AI Properties and any

6    agents of 3AI Properties to be declared void by Defendants.

7    XIV. That the Texas Attorney General Ken Paxton investigate this matter and take corrective

8    action.

9    XV. Order such other appropriate relief as the interests of justice require.

10

11   I declare under penalty of perjury that the following is true and accurate.

12

13

14   Respectfully submitted,

15

16   _____   Dated 7/24/2018

17   Murali R. Nair
18   Owner of 3AI Properties LLC

19   3AI PROPERTIES LLC
     8900 Independence Parkway
20   Apt 7201
     Plano, TX 75025
21   3airealestate@gmail.com
     (214) 417-3347
22

23   Plaintiff in Pro Se

24

25

26

27

28

28

JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

RECEIVED

JUL 30 2018

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| 3AI Properties LLC | Daun Abbett, James Cantando, Robert McDonald, Derek McDonald, Blossom Exchange, Paula Grohs, et al. |

**(b)** County of Residence of First Listed Plaintiff    Collin County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Shasta County, California
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962
Brief description of cause:
Family members colluded around my buying a "flip" house to renovate and defrauded me

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND$ 42,000,000    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    07/24/2018    SIGNATURE OF ATTORNEY OF RECORD    *(Pro Se)*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Dear Clerk of Court,

Please find enclosed initiating filing documents. Please file.

Manan (Murali Nair)
for 3AI Properties LLC, Owner
214.417.3347



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.

UNITED STATES
POSTAL SERVICE

FROM:

TO:

# PRIORITY
★ MAIL ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

EP14F July 2013
OD: 12.5 x 9.5

P S00001000014

This envelope is made from post-consumer waste. Please recycle - again.